# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY ROMERO,<br><br>           Plaintiff,<br><br>    v.<br><br>JOHN N. KATAVICH, et al.<br><br>           Defendants.<br>_____/ | CASE NO. 1:11-cv-0935-LJO-MJS (PC)<br><br>FINDINGS AND RECOMMENDATIONS FOR DISMISSAL OF PLAINTIFF'S COMPLAINT FOR FAILURE TO OBEY A COURT ORDER<br><br>(ECF No. 13)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

    Plaintiff Danny Romero ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

    The Court screened Plaintiff's Complaint on February 14, 2012, and found that it failed to state a cognizable claim, but gave Plaintiff an opportunity to file an amended complaint on or before March 19, 2012. (ECF No. 13.) The Court informed Plaintiff in this order that if he failed to file an amended complaint, his action would be "dismissed, with prejudice, for failure to state a claim." (Id.) March 19, 2012, passed without Plaintiff having filed an amended complaint or a request for an extension of time to do so.

    The Court issued an Order to Show Cause on April 3, 2012, directing Plaintiff to file

an amended complaint or show cause why his case should not be dismissed for failure to comply with a court order and failure to state a claim. (ECF No. 14.) Plaintiff was to respond by April 30, 2012. (Id.) Plaintiff responded to the Order to Show Cause and requested that his time to file an amended complaint be extended. (ECF No. 15.) The Court granted this request and discharged the Order to Show Cause. (ECF Nos. 16 & 19.) Plaintiff then filed a second motion for an extension of time. (ECF No. 17.) The Court granted this motion and Plaintiff was to file an amended complaint by June 27, 2012. (ECF No. 18.) June 27, 2012 has passed and Plaintiff has once again failed to file an amended complaint by the extended and re-extended deadline.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring

disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The Court's Screening Order expressly stated: "If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim." (ECF No. 12.) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's Order. The Court also gave Plaintiff numerous additional opportunities to file an amended complaint, and as of this date, Plaintiff has failed to respond to take advantage of any of the additional opportunities he was given.

Based on the foregoing, the Court RECOMMENDS that this action be DISMISSED based on Plaintiff's failure to obey a court order.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Y1st,

951 F.2d 1153 (9th Cir. 1991).

     IT IS SO ORDERED.

Dated:   August 8, 2012          /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE